**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREAT LAKES DREDGE & DOCK CO., LLC, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| OSPREY UNDERWRITING AGENCY, LTD., C. SCOTT HEPPENSTALL and KEN'S BOAT RENTAL, INC. | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES Plaintiff, GREAT LAKES DREDGE & DOCK COMPANY, LLC ("GREAT LAKES"), and, for its Complaint for Declaratory Judgment, alleges as follows:

**The Parties**

1. GREAT LAKES is an Illinois domestic corporation in good standing with its principal place of business located within the district of this court.

2. OSPREY UNDERWRITING AGENCY, LTD. (hereinafter "OSPREY") is a corporation organized under the laws of London, England, and upon information and belief, all of OSPREY'S policies are backed and secured by Lloyd's of London which is an entity that is authorized to conduct and transact business in the State of Illinois.

3. Upon information and belief, the principal place of business of OSPREY is not Illinois although it can transact and does transact business throughout the United States, including in Illinois.

4. KEN'S BOAT RENTAL, INC. (hereinafter "KEN'S"), who is insured under an insurance policy issued by Osprey, is a corporation organized under the laws of Louisiana and its principal place of business is a state other than Illinois.

5. C. SCOTT HEPPENSTALL (hereinafter "HEPPENSTALL") is a resident of South Carolina.

6. This dispute arises and is related to the underlying claim by HEPPENSTALL which has been made the subject of a lawsuit entitled C. Scott Heppenstall v. Great Lakes Dredge & Dock Co., LLC, which was filed in the United States District Court, Northern District of Illinois, Eastern Division, case number *15-cv-1273* (the "*Underlying Lawsuit*") and remains pending. (A copy of the Complaint at Law from the *Underlying Lawsuit* is attached hereto as Exhibit A.)

7. HEPPENSTALL'S suit against GREAT LAKES alleges that at the time of the alleged injury in the Underlying Lawsuit, HEPPENSTALL was a Jones Act seaman pursuant to 46 U.S.C. §688.

8. GREAT LAKES subsequently filed a Third-Party Complaint against KEN'S in the Underlying Lawsuit for contribution, indemnity and breach of contract.

**JURISDICTION AND VENUE**

9. There is a Master Services Agreement between GREAT LAKES and KEN'S (later identified and attached hereto as Exhibit D) which was the result of arm's length negotiations and which provides in relevant part that "the parties agree to submit disputes arising out of, or related to or in connection with this Agreement to the DuPage County Circuit Court or District Court for the Northern District of Illinois, as applicable." Additionally, GREAT LAKES seeks relief herein with respect to the same occurrence made the subject of the First Amended

2

Complaint of HEPPENSTALL (later identified and attached hereto as Exhibit C) and the Third-Party Complaint brought by GREAT LAKES against KEN'S in that same Northern District of Illinois action, that is, the Underlying Lawsuit (document 19 in the Underlying Lawsuit).

10. In an email dated August 27, 2015, OSPREY set forth its position with respect to coverage for GREAT LAKES under the policy it issued to KEN'S and indicated its willingness to have issues in dispute between OSPREY and GREAT LAKES decided by the court that has jurisdiction of the Underlying Lawsuit, that is, the Northern District of Illinois. (A copy of the email is attached hereto as Exhibit "B")

11. This court has jurisdiction due to the complete diversity of citizenship of GREAT LAKES and the Defendants, the various parties' reference to litigating in this court, the relationship of this claim to the Underlying Lawsuit which is already pending in this court and because the amount in controversy meets the jurisdictional requirements of 28 U.S.C. § 1332.

12. Venue lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2).

13. GREAT LAKES would be inconvenienced if this matter is litigated elsewhere as witnesses from GREAT LAKES pertaining to the allegations herein are located in Illinois, GREAT LAKES' principal place of business is within the district of this court, and the Underlying Lawsuit which is the subject of the dispute between GREAT LAKES and OSPREY is pending in the Northern District of Illinois.

### THE UNDERLYING LAWSUIT AND THE INVOLVEMENT OF KEN'S BOAT RENTAL, INC.

14. HEPPENSTALL, an employee of GREAT LAKES, alleges he was injured on November 4, 2013, while he was working with the tug, the *M/V KJ LeBoeuf,* a vessel owned and operated by KEN'S, in tying off a derrick boat to a dredge vessel called the *California*.

15. As of the time of the alleged accident involving HEPPENSTALL, the crew that manned the *M/V KJ LeBoeuf*, and which operated the tug, was comprised of a captain and a deckhand, both of whom were employed by KEN'S.

16. On February 11, 2015 HEPPENSTALL filed his Complaint against GREAT LAKES, and on February 25, 2015 HEPPENSTALL filed his First Amended Complaint against GREAT LAKES. (A copy of the First Amended Complaint of HEPPENSTALL, is attached hereto as Exhibit "C".)

17. In his First Amended Complaint, HEPPENSTALL alleges against GREAT LAKES causes of action for negligence under the Jones Act, 46 U.S.C. §688, and for unseaworthiness and maintenance and cure under general admiralty and maritime law.

18. GREAT LAKES previously filed its Answer to the First Amended Complaint of HEPPENSTALL wherein it generally denied the allegations of wrongdoing brought against it.

19. As of November 4, 2013, the date of HEPPENSTALL'S alleged accident, the activities of KEN'S crew on the *M/V KJ LeBoeuf* and specifically the crew's actions performed in attempting to tie off the derrick boat to the dredge vessel the *California*, were performed by KEN'S pursuant to the written Master Services Agreement between GREAT LAKES and KEN'S. (A copy of the written Master Services Agreement between GREAT LAKES and KEN'S is attached hereto as Exhibit "D").

20. As of November 4, 2013, the date of HEPPENSTALL'S alleged accident, the activities of KEN'S crew on the *M/V KJ LeBoeuf* and specifically the crew's actions performed in attempting to tie off the derrick boat to the dredge vessel the *California*, were performed by KEN'S pursuant to GREAT LAKES Purchase Order No. 655835. (A copy of GREAT LAKES Purchase Order No. 655835 is attached hereto as Exhibit "E").

4

21. As of November 4, 2013, the date of HEPPENSTALL'S alleged accident, the activities of KEN'S crew on the *M/V KJ LeBoeuf* and specifically the crew's actions performed in attempting to tie off the derrick boat to the dredge vessel the *California*, were performed by KEN'S pursuant to GREAT LAKES' Terms and Conditions. (A copy of GREAT LAKES Terms and Conditions are attached hereto as Exhibit "F").

22. Specifically, GREAT LAKES Purchase Order No. 655835, among other things, described the services KEN'S was to perform for GREAT LAKES (hereinafter the "SERVICES") as follows:

> "TUG SERVICES – "K.J. LEBOEUP"
> SERVICES OF THE 1200 HP, TWIN-SCREW, SHALLOW DRAFT
> MODEL BOW TUG "K.J. LEBOEUF" TO WORK AS DIRECTED
> DURING MOBILIZATION, OPERATIONS & DEMOBILZATION
> ON OUR CAPTIVA/SANIBEL ISLAND PROJECT.

23. KEN'S and its vessel had been performing the services described in GREAT LAKES Purchase Order No. 655835 prior to the date of HEPPENSTALL'S accident.

24. At the time of HEPPENSTALL'S accident, KEN'S and its vessel were performing the services described in GREAT LAKES Purchase Order No. 655835.

25. At the time of HEPPENSTALL"S accident, KEN'S and its vessel were engaged or involved in the intended operations contemplated by the services described in GREAT LAKES Purchase Order No. 655835.

26. KEN's billed GREAT LAKES for the services it performed consistent with what was described in GREAT LAKES Purchase Order No. 655835.

27. At the time of the alleged accident involving HEPPENSTALL, the aforesaid services performed by KEN'S and the actions of the *M/V KJ LeBoeuf* were performed negligently and otherwise in a wrongful, careless and improper manner and were the proximate

cause of the injuries to HEPPENSTALL, as more fully set forth in GREAT LAKES' Third-Party Complaint in the Underlying Lawsuit. (A copy of GREAT LAKES Third-Party Complaint, can be found as document 19 in the Underlying Lawsuit).

28. The Master Services Agreement between GREAT LAKES and KEN'S states that:

**7. INDEMNIFICATION**

b. Service Provider [KEN'S] agrees to maintain, and when requested by Buyer [GREAT LAKES], to furnish certificates acceptable to Buyer evidencing adequate Worker's Compensation, public liability, comprehensive general liability, product liability, property damages and other applicable insurance. Maintenance of such insurance shall not relive Service Provider of liability under the indemnity provisions set forth herein. (See Exhibit D)

29. Similarly, the Standard Terms and Conditions applicable to Purchase Order No. 655835 between GREAT LAKES and KEN'S provides as follows:

INDEMNITY & INSURANCE

3. Vendor [KEN'S] agrees to maintain, and when requested by Buyer [GREAT LAKES], to furnish certificates acceptable to Buyer evidencing adequate Worker's Compensation, public liability, comprehensive general liability, product liability, property damages and other applicable insurance. Maintenance of such insurance shall not relive Vendor of liability under the indemnity provisions set forth herein. (See Exhibit F)

30. Consistent with the aforementioned Master Service Agreement, Purchase Order and applicable Standard Terms and Conditions, KEN'S was required to maintain certain insurance, name GREAT LAKES as an additional insured under its insurance policy with OSPREY and have a certificate of insurance issued confirming the same.

31. Consistent with to the aforementioned Master Service Agreement, Purchase Order and applicable Standard Terms and Conditions, GREAT LAKES was provided with a Certificate of Insurance reflecting the insurance maintained by KEN'S and reflecting that GREAT LAKES

was named as an additional insured under KEN'S insurance. (A copy of the Certificate of Insurance is attached hereto as Exhibit "G")

32. The Certificate of Insurance regarding the OSPREY Policy that was issued to GREAT LAKES states that:

> Privilege is hereby granted the assured to name others for whom the assured is performing work as an Additional Assureds on the policy provided the assured shall have exercised this option prior to loss. Privilege is also granted the assured to release from liability others for whom the assured is performing operations, or who are performing operations for the assured, provided the assured shall have exercised this option prior to loss; and these insurers waive all rights of subrogation against any parties so released. Notwithstanding the preceding provisions, no party shall be deemed an Additional Assured or favored with a waiver of subrogation on any vessel insured hereunder which is not actually engaged or involved in the intended operations at the time of this loss, if any.

## A CONTROVERSY EXISTS

33. An actual controversy exists between the parties herein, and by the terms and provisions of 28 U.S.C §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such other and further relief as may be necessary.

## COUNT I
## DUTY TO DEFEND – OSPREY UNDERWRITING AGENCY, LTD.

1-33. GREAT LAKES repeats and re-alleges paragraphs 1 through 33 as for paragraph 1 through 33 of Count I as if fully set forth herein.

34. Upon information and belief, OSPREY issued a policy of insurance, backed and secured by Lloyd's of London, to KEN'S with the effective dates of coverage being from May 8, 2013 to May 26, 2015, and was applicable at the time of the incident alleged by HEPPENSTALL (the "Policy"). GREAT LAKES has requested the Policy from OSPREY but has not been provided with a copy so it cannot attach it to this Complaint.

7

35. On June 13, 2015, GREAT LAKES tendered its defense and indemnity to OSPREY as an additional insured under said Policy. (A copy of the Tender Letter is attached hereto as Exhibit "H")

36. Thereafter, GREAT LAKES provided additional materials related to the HEPPENSTALL lawsuit to OSPREY, including the deposition of HEPPENSTALL, which established KEN'S involvement in causing HEPPENSTALL'S accident.

37. To date, OSPREY has not accepted GREAT LAKES' tender or otherwise provided or agreed to provide a defense, indemnity or coverage under the Policy. (A copy of OSPREY'S response to GREAT LAKES Tender Letter is attached hereto as Exhibit "B.")

38. On June 23, 2015, GREAT LAKES also tendered its defense and demanded indemnity directly to KEN'S but to date, that tender has also not been accepted and neither KEN's nor its insurer has agreed to fully defend, protect and hold harmless GREAT LAKES from any and all claims and alleged damages asserted by HEPPENSTALL.

39. OSPREY has wrongly failed to accept the tender of defense and provide coverage to GREAT LAKES and has wrongly failed to defend and agree to indemnify GREAT LAKES in the Underlying Lawsuit under OSPREY'S Policy issued to KEN'S, despite the fact that KEN'S agreed to do so, despite the fact that it was the acts and/or omissions of KEN'S and the crew of the *M/V KJ LeBeouf* that caused the alleged injuries to HEPPENSTALL and despite the fact that GREAT LAKES is an additional insured under KEN'S policy issued by OSPREY.

WHEREFORE, Plaintiff, GREAT LAKES DREDGE & DOCK COMPANY, LLC, requests that this court enter a declaratory judgment in favor of GREAT LAKES, finding and declaring as follows:

    a. That GREAT LAKES is an additional insured under the OSPREY policy of insurance issued to KEN'S and as such is entitled to full coverage, defense of the

        Underlying Lawsuit, attorney's fees, reimbursement of all monies paid to and on behalf of HEPPENSTALL, and all other expenses and losses related to the subject claim and Underlying Lawsuit from November 4, 2013 and forward;

b.    That OSPREY is obligated to defend and indemnify GREAT LAKES, as the Underlying Lawsuit seeks recovery from GREAT LAKES for liability incurred as a result of the alleged negligent acts of KEN'S in the performance of its duties;

c.    That OSPREY is estopped from asserting policy defenses to coverage; and

d.    For other further and additional relief as this Court deems just and equitable.

**COUNT II**
**ESTOPPEL TO OSPREY UNDERWRITING AGENCT, LTD.**

1-39.    GREAT LAKES repeats and re-alleges paragraphs 1 through 39 as for paragraph 1 through 39 of Count II as if fully set forth herein.

40.    On June 13, 2015 GREAT LAKES tendered its defense and indemnity in reference to the Underlying Lawsuit as an additional insured under KEN'S Policy to OSPREY, requesting coverage under said Policy, however, OSPREY wrongly fail to accept the tender of defense and indemnity and wrongly failed to provide any coverage to GREAT LAKES.

41.    Notwithstanding receipt of the relevant pleadings and other materials relating to the Underlying Lawsuit, to date, OSPREY has also failed to file a declaratory judgment action against GREAT LAKES to establish its claim that no coverage exists for GREAT LAKES as an additional insured under KEN'S policy and has wrongly failed to provide a defense to GREAT LAKES in the Underlying Lawsuit and, as a direct and proximate result, GREAT LAKES has been prejudiced and caused damages.

42.    Because OSPREY has wrongly failed to provide GREAT LAKES a defense in the Underlying lawsuit or file a declaratory judgment action, and otherwise prejudiced GREAT LAKES by its wrongful conduct, OSPREY is estopped from asserting any policy defenses as to coverage as a matter of law.

WHEREFORE, Plaintiff, GREAT LAKES DREDGE & DOCK COMPANY, LLC, requests that this court enter a declaratory judgment in favor of GREAT LAKES, finding and declaring as follows:

a. That GREAT LAKES is an additional insured under the OSPREY policy of insurance issued to KEN'S and as such is entitled to full coverage, defense of the Underlying Lawsuit, attorney's fees, reimbursement of all monies paid to and on behalf of HEPPENSTALL, and all other expenses and losses related to the subject claim and Underlying Lawsuit from November 4, 2013 and forward;

b. That OSPREY is obligated to defend and indemnify GREAT LAKES, as the Underlying Lawsuit seeks recovery from GREAT LAKES for liability incurred as a result of the alleged negligent acts of KEN'S in the performance of its duties;

c. That OSPREY is estopped from asserting policy defenses to coverage; and

d. For other further and additional relief as this Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY

**GREAT LAKES DREDGE & DOCK COMPANY, LLC**

By: /s/: Steven B. Belgrade
One of Its Attorneys

Steven B. Belgrade
Patrick J. Cullinan
George M. Velcich
**BELGRADE AND O'DONNELL, P.C.**
20 N. Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700

10

## **CERTIFICATE**

Steven B. Belgrade, one of the attorneys for Plaintiff, GREAT LAKES DREDGE & DOCK COMPANY, LLC, certifies that the within COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF was filed via electronic filing this 3rd day of December 2015.

/s/: Steven B. Belgrade